**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEREN SARAI CONCEPCION BONILLA,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-02147-AAS**

**FRANK BISIGNANO,**
**Commissioner of**
**Social Security Administration,**

**Defendant.**
___________________________________/

**ORDER**

Plaintiff Keren Sarai Concepcion Bonilla requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's decision is **REMANDED**.

## I. PROCEDURAL HISTORY

Ms. Concepcion Bonilla filed an application for a period of disability and DIB on April 22, 2021. (Tr. 22, 327–33). In a decision dated September 24, 2020, Ms. Concepcion Bonilla was found disabled beginning on May 25, 2018.

(Tr. 22, 76–90, 126–133). On January 5, 2023, in an initial determination, the Social Security Administration (SSA) found that Ms. Concepcion Bonilla was no longer disabled as of that date. (Tr. 22, 91–102, 134–137). Upon reconsideration, a State agency Disability Hearing Officer upheld this determination. (Tr. 22, 115–125). Thereafter, Ms. Concepcion Bonilla filed a request for a hearing. (Tr. 22, 148).

On November 5, 2024, an ALJ held an administrative hearing. (Tr. 22, 37–54). In a decision dated December 18, 2024, the ALJ found Ms. Concepcion Bonilla's disability ended on January 5, 2023, and she did not become disabled since that date. (Tr. 16–36). The Appeals Council denied Ms. Concepcion Bonilla's request for review, making the ALJ's decision final. (Tr. 1–8). Ms. Concepcion Bonilla now requests judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Concepcion Bonilla was 50 years old on January 5, 2023, the date the ALJ found that medical improvement had occurred. (Tr. 134–37, 330). Ms. Concepcion Bonilla has a high school education and no past relevant work experience. (Tr. 29).

### B. Summary of the Decision

The ALJ must follow five steps when evaluating a disability claim.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). The ALJ determines the claimant's residual functional capacity (RFC) at this fourth step.[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work in the

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The most recent favorable ALJ decision finding that Ms. Concepcion Bonilla was disabled is dated September 24, 2020. (Tr. 24). This most recent favorable decision is the comparison point decision (CPD). (*Id.*). At the time of the CPD, Ms. Concepcion Bonilla had these medically determinable impairments: degenerative disc disease, bilateral carpal tunnel syndrome, and hypertension. (*Id.*). These impairments resulted in an RFC of less than a full range for sedentary work.[4] (*Id.*). Specifically,

> [Ms. Concepcion Bonilla] could lift/carry, push and pull 10 pounds occasionally and a negligible amount of weight frequently. She could stand/walk for 2 hours and sit for 6 hours in an 8-hour workday with normal breaks. She could occasionally stoop, kneel, crouch, crawl, balance on uneven surfaces and she could occasionally climb ramps or stairs. She could never climb ropes or scaffolds, but she could occasionally climb ladders. She could have no concentrated exposure to unprotected heights or dangerous moving machinery. She could frequently handle and finger with her left upper extremity and occasionally handle and finger with her right dominant upper extremity. She would be off task at least 10% of the workday and/or absent from work at least one day per month due to pain.

(*Id.*).

Here, at step one of the sequential evaluation process, the ALJ found

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

that, through the date of the December 18, 2024 decision, Ms. Concepcion Bonilla has not engaged in substantial gainful activity. (*Id.*). At step two, the ALJ found that since January 5, 2023, Ms. Concepcion Bonilla has these medically determinable impairments: degenerative disc disease, hypertension, carpal tunnel syndrome, and major depressive disorder. (*Id.*). At step three, the ALJ found that since January 5, 2023, Ms. Concepcion Bonilla has not had an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

The ALJ found that medical improvement occurred on January 5, 2023. (Tr. 26). The ALJ further found that since January 5, 2023, the impairments present at the time of the CPD decreased in medical severity to the point where Ms. Concepcion Bonilla has the RFC to perform light work,[5] except,

> [Ms. Concepcion Bonilla can] sit, stand and walk for six hours each in an eight hour workday; occasionally climb but never climb ladders, ropes or scaffolds; occasional bending, kneeling, stooping, crouching, crawling; must avoid concentrated exposure to hazards such as heights and machinery; frequent fingering bilaterally.

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

(*Id.*).

Ms. Concepcion Bonilla has no past relevant work. (Tr. 29). At step five, with the assistance of a vocational expert, the ALJ then determined that, since January 5, 2023, Ms. Concepcion Bonilla can perform a significant number of jobs in the national economy. (*Id.*). Ms. Concepcion Bonilla can perform work as a marker, routing clerk, and housekeeping cleaner. (Tr. 30). As a result, the ALJ found Ms. Concepcion Bonilla's disability ended on January 5, 2023, and she has not become disabled again since that date. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the entire record, considering both the evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B. Issue on Appeal**

Ms. Concepcion Bonilla argues that the ALJ failed to properly analyze whether medical improvement occurred as of January 5, 2023. (Doc. 14). Ms. Concepcion Bonilla contends that the ALJ failed to properly compare her prior and current medical evidence to determine whether medical severity had decreased. (*Id.*, p. 6). In response, the Commissioner contends that substantial evidence supports the ALJ's findings that Ms. Concepcion Bonilla experienced medical improvement as of January 5, 2023, and that her medical improvement was related to her ability to work. (Doc. 18).

"An ALJ may terminate a claimant's benefits if there is substantial evidence that there has been medical improvement in the claimant's

impairments related to his ability to work, and the claimant is now able to engage in substantial gainful activity." *Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012) (citing 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594(a)). To determine whether benefits should be terminated, the ALJ follows an eight-step process:

> (1) whether the claimant is engaging in substantial gainful activity; (2) if not, whether the claimant has an impairment or combination of impairments that meet or equal a listed impairment; (3) if not, whether there has been medical improvement; (4) if so, whether the improvement is related to the claimant's ability to work; (5) if there is no medical improvement or if medical improvement is not related to the claimant's ability to work, whether an exception to medical improvement applies; (6) if there is medical improvement related to the claimant's ability to work or if an exception applies, whether the claimant has a severe impairment; (7) if so, whether the claimant can perform his past relevant work; and (8) if not, whether the claimant can perform other work.

*Id.* (citing 20 C.F.R. § 404.1594(f)).

Step three's "medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled . . ." 20 C.F.R. § 404.1594(b)(1). "A finding that there has been a decrease in medical severity 'must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s). . .'" *Klaes*, 499 F. App'x at 896 (quoting 20 C.F.R. § 404.1594(b)(1)). A decrease in medical severity is determined by comparing

"prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." 20 C.F.R. § 404.1594(c)(1). "The ALJ must 'actually compare' the previous and current medical evidence to show that an improvement occurred." *Klaes*, 499 F. App'x at 896 (quoting *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984)); *see also Reyes v. O'Malley*, No. 8:23-cv-123-AEP, 2024 WL 939597, at *4 (M.D. Fla. Mar. 5, 2024); *Lane o/b/o R.W. v. Comm'r of Soc. Sec.*, No. 8:20-cv-647-SPF, 2021 WL 3701559, at *3 (M.D. Fla. Aug. 20, 2021). The ALJ's decision must be remanded for the ALJ to apply the correct legal standard "[i]f the ALJ fails to evaluate the prior medical evidence and make such a comparison . . ." *Klaes*, 499 F. App'x at 896.

Here, the ALJ failed to properly compare Ms. Concepcion Bonilla's prior and current medical evidence to determine whether medical severity had decreased. Although the ALJ stated that she compared this evidence, she could not have done so because a significant amount of prior evidence was not included in the record. The administrative record contains Ms. Concepcion Bonilla's most recent favorable decision, dated September 24, 2020, which discusses evidence not contained in the current record. (*See* Tr. 76–90). For example, the "Summary of Evidence" notes that certain evidence was considered in Ms. Concepcion Bonilla's case when the SSA determined she was

disabled.[6] None of this evidence appears in the current record.

The Commissioner argues that this error is harmless because substantial evidence supports the ALJ's decision that Ms. Concepcion Bonilla experienced medical improvement. The Commissioner presents no law supporting this argument in the context of a termination-of-benefits case, where the ALJ failed to apply the correct legal standard by failing to compare the prior and current medical evidence. As *Klaes* specifically states that this failure requires remand, 499 F. App'x at 896, the Commissioner's argument is rejected.

The ALJ's obligation to compare the prior medical evidence with the current medical evidence is outlined in 20 C.F.R. § 404.1594(c)(1), which states:

> *Medical improvement* is any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled and is determined by *a comparison of prior and current medical evidence* which must show that there have been changes

[6] Specifically, these medical records include: ENGLISH TRANSLATION OF 8F received on 09/04/2020; ENGLISH TRANSLATION OF 14f received on 09/04/2020; APS Clinic of Puerto Rico received on 08/12/2020; Neurological Services of Orlando received on 07/10/2020; Orange Blossom Family Health Center received on 07/02/2020; SYLMA CUEVAS PADRO PSYD received on 11/01/2019; FARMACIA NEREIDA received on 08/20/2019, SAMUEL RIVERA NATAL MD received on 08/20/2019; CARLOS F CASIANO TORRES MD received on 02/26/2019; CARLOS F CASIANO TORRES MD received on 02/26/2019; PR DISAB PROC UNIT received on 12/13/2018; APS AMERICAN PSYCH SYSTEMS received on 12/12/2018; ARECIBO RADIOLOGY OPEN MRI CENTER received on 12/04/2018; CORPORACION FONDO DEL SEGURO received on 12/04/2018; CLINICA AMBULATORIA DR. OTOMAN received on 12/04/2018; DR. JUAN C. PERAZA DELGADO received on 12/03/2018; MELBA SOTOMAYOR, MD received on 12/03/2018. (Tr. 509–510) (capitalization in original).

> (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s).

(emphasis added).

Section 404.1594(c)(1) applied when the ALJ conducted the hearing and when she issued her decision. Thus, the ALJ's failure to properly compare the prior and current medical evidence requires reversal. *See also Rivera v. Comm'r of Soc. Sec.*, No. 6:17-CV-2021-ORL-41KRS, 2018 WL 5300201, at *6 (M.D. Fla. Oct. 1, 2018) ("Because the ALJ did not compare the [prior medical] evidence with the [current medical] evidence, the finding that Rivera's disability ceased is not supported by substantial evidence or correct application of the law."), *report and recommendation adopted*, 2018 WL 5293228 (M.D. Fla. Oct. 25, 2018); *Brown v. Berryhill*, No. 3:16-CV-1344-J-34JRK, 2017 WL 6541455, at *5 (M.D. Fla. Nov. 28, 2017) (remanding because "the ALJ did not actually perform the required comparison of the original medical evidence with the new medical evidence"), *report and recommendation adopted*, 2017 WL 6536741 (M.D. Fla. Dec. 21, 2017).

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment for Ms. Concepcion Bonilla.

**ORDERED** in Tampa, Florida, on August 21, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge